# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD P. SORIANO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FRESNO UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No.  1:14-cv-02023---SAB<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

    On December 19, 2014, Plaintiffs Richard P. Soriano and Frank R. Ortiz filed this action alleging that Defendants Fresno Unified School District and Lyle Rhoan discriminated against them in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

## I.

## SCREENING REQUIREMENT

    Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted.  In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

1

of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

Plaintiffs Soriano and Ortiz are Hispanic. (Compl. 6, ECF No. 1.) They allege that they were retaliated and discriminated against by being required to work under conditions of employment that differed from similarly situated employees, harassment, retaliation and bullying because of their race, and opposition to a practice that they believed violated the anti-discrimination laws. (Id.)

Plaintiff's complaint consists of a check box form and a single paragraph describing the conduct which is alleged to violate their federal rights.

> In July 2013, Plaintiffs both complained about ongoing harassment by their supervisor Mr. Rhoan, claiming that it was discriminatory and illegal. Very shortly after complaining, the Plaintiffs were retaliated against [and] transferred to less desirable working conditions as punishment for complaining. These work [sic] conditions are inferior to those of similar employees who did not complain. Plaintiffs have sustained emotional distress [and] general damages.

(Id. at 7.) They are requesting injunctive relief and monetary damages. (Id. at 8.)

## III.

## DISCUSSION

Under Twombly and Iqbal "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. This requires factual content for the court to draw the reasonable inference that the defendant is liable

2

1  for the alleged misconduct.  Id.  A complaint stops short of the line between probability and the
2  possibility of relief where the facts pled are merely consistent with a defendant's liability.  Id.
3  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of
4  misconduct," the complaint has not shown that the plaintiff is entitled to relief.  Id.  Further,
5  while the court is to accept all "well pleaded factual allegations" in the complaint as true, id. at
6  679, it is not bound to accept as true labels, conclusions, formulaic recitations of the elements of
7  a cause of action or legal conclusions couched as factual allegations, Twombly, 550 U.S. at 555.
8  The conclusory allegations in the complaint are not entitled to the presumption of truth.  Iqbal,
9  556 U.S. at 681.

10  Plaintiffs allege that they complained of ongoing harassment by Mr. Rhoan, but provide
11  no factual allegations regarding any harassing acts by Mr. Rhoan.  Further, Plaintiffs allege that
12  after complaining about the harassment they were they were required to work under conditions
13  that differed from similarly situated employees.  Plaintiffs do not include any information what
14  complaints were made, when complaints were made, or to whom the complaints were addressed.
15  Additionally, the complaint contains no factual allegations regarding the conditions that
16  Plaintiffs were subjected to or of any similarly situated employee that was subjected to different
17  conditions.  While Plaintiffs allege that they were transferred to less desirable positions than
18  employees who did not complaint, there are no factual allegations from which the court could
19  infer that a transfer was due to their complaints.  Plaintiffs' conclusory allegations are
20  insufficient to state a plausible claim.

21  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely
22  given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted
23  if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d
24  1122, 1130 (9th Cir. 2000) (internal citations omitted).  Plaintiffs shall be granted an opportunity
25  to cure the deficiencies in their complaint.  Plaintiffs are advised that the amended complaint
26  must contain sufficient factual detail for the Court to infer that the named defendants are liable
27  for the conduct alleged.

28  In the paragraphs that follow, the Court shall supply the legal standards that would appear

to apply to Plaintiffs' claims.

**A.    Title VII**

1.    Disparate Treatment

Section 2000e-2 provides that it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e-2(a)(1). This section makes it a violation of federal law for an employer to engage in disparate treatment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

To state a claim for disparate treatment by discrimination, a plaintiff must establish that 1) he belongs to a protected class; 2) he was qualified for his position; 3) he was subject to an adverse employment action; and 4) similarly situated individuals outside of his class were treated more favorably. Davis, 520 F.3d at 1089. An adverse employment action is one that materially affects the compensation, terms, conditions or privileges of employment. Chuang v. University of California Davis, Bd. of Trustees, 225 F.3d 1115, 1126 (9th Cir. 2000).

A disparate treatment claim requires the plaintiff to prove that the employer acted with a discriminary intent or motive in taking the adverse employment action. Ricci v. DeStefano, 557 U.S. 557, 578 (2009); Wood v. City of San Diego, 678 F.3d 1075, 1081 (9th Cir. 2012). This requires the plaintiff to prove that the employer acted with a conscious intent to discriminate. Costa v. Desert Palace, Inc., 299 F.3d 838, 854 (9th Cir. 2002).

2.    Harassment

To prevail on a harassment claim, a plaintiff must show "(1) that he was subjected to verbal or physical conduct because of his [race]; (2) 'that the conduct was unwelcome'; and (3) 'that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment.' " Kang v. U. Lim Am., Inc., 296 F.3d 810, 817 (9th Cir. 2002) (quoting Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir.1998)).

An abusive working environment is an environment that a reasonable person would find hostile or abusive. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). A workplace is an

4

abusive environment when it is "permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment[.]' " Id. (citations omitted). Conduct that is not pervasive enough to create an abusive work environment does not violate Title VII. Id.

3. Retaliation

"Employers may not retaliate against employees who have 'opposed any practice made an unlawful employment practice' by Title VII." Davis v. Team Elec. Co., 520 F.3d 1080, 1093 (9th Cir. 2008) (quoting 42 U.S.C. § 2000e-3(a)). To establish a prima facie case for a claim of retaliation, a plaintiff must establish that "1) he engaged in a protected activity; 2) he suffered an adverse employment decision; and 3) there was a causal link between the protected activity and the adverse employment decision." Villiarimo, 281 F.3d at 1064.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiffs' complaint does not state a cognizable claim for relief for a violation of their federal rights. Plaintiffs are granted leave to file an amended complaint within thirty days. Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012). Plaintiffs may not change the nature of this suit by adding new, unrelated claims in their amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiffs' amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiffs' federal rights, Iqbal, 556 U.S. at 678-79. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012); Valdez-Lopez v. Chertoff, 656 F.3d 851, 857 (9th Cir. 2011), and must be "complete in itself without reference to the prior or superseded

pleading," Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' complaint, filed December 19, 2014, is dismissed for failure to state a claim;

2. Within thirty days from the date of service of this order, Plaintiffs shall file an amended complaint; and

3. Failure to file an amended complaint in compliance with this order will result in this action being dismissed.

IT IS SO ORDERED.

Dated: **February 20, 2015**

UNITED STATES MAGISTRATE JUDGE