**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD P. SORIANO, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FRESNO UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No.  1:14-cv-02023-KJM-SAB<br><br>ORDER REQUIRING PLAINTIFFS TO EITHER FILE A SECOND AMENDED COMPLAINT OR NOTIFY THE COURT THAT THEY ARE WILLING TO PROCEED ON CLAIM FOUND TO BE COGNIZABLE<br><br>(ECF No. 11)<br><br>(THIRTY-DAY DEADLINE) |

On December 19, 2014, Plaintiffs Richard P. Soriano and Frank R. Ortiz filed this action alleging that Defendants Fresno Unified School District and Lyle Rhoan violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.  On February 20, 2015, Plaintiffs' complaint was dismissed for failure to state a claim.  On March 25, 2015, Plaintiffs filed a first amended complaint.

**I.**

**SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted.  In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain

1

statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678.

## II.

## COMPLAINT ALLEGATIONS

Plaintiffs allege their supervisor, Defendant Rhoan, was using racial and gender derogatory language in the workplace, made derogatory remarks about Hispanics, and would send inappropriate texts that were derogatory as to race, national origin and/or gender. Plaintiff's found the conduct to be offensive. After Defendant Rhoan's conduct had been pervasive and consistent for months, in July 2013, Plaintiffs Ortiz and Soriano complained to Defendant Rhoan's supervisor about his actions and requested remedial action. Plaintiffs had saved several of the text messages which were provided to the supervisor. Defendant Rhoan was reprimanded and advised to discontinue the conduct.

Plaintiffs allege that despite being reprimanded, Defendant Rhoan continued the conduct unabated. After they complained, Defendant Rhoan began to exclude Plaintiffs from team meetings and assigned them to the least desirable janitorial duties in the district that were usually assigned to new or junior staff members. Defendant Rhoan also removed Plaintiffs from their long term assignments at Scandinavian Middle School, which he knew was close to their residences, and made them drive to various locations throughout the district. Defendant Rhoan also became more critical of Plaintiffs' work and gave them write-ups that were a departure from

their previous positive performance reviews. Defendant Rhoan ostracized Plaintiffs and did not include them in janitorial meetings or collective decision making or reporting. Defendant Rhoan became verbally abusive to Plaintiffs.

Plaintiffs allege that from July through November 2013, they were subjected to racial discrimination, harassment, retaliation, and bullying in violation of Title VII and are seeking injunctive and monetary relief.

## III.

## DISCUSSION

### A.  Discrimination

Plaintiffs bring this action alleging discrimination based on race or national origin. Section 2000e-2 provides that it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e-2(a)(1). This section makes it a violation of federal law for an employer to engage in disparate treatment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

To state a claim for disparate treatment by discrimination, a plaintiff must establish that 1) he belongs to a protected class; 2) he was qualified for his position; 3) he was subject to an adverse employment action; and 4) similarly situated individuals outside of his class were treated more favorably. Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008). A disparate treatment claim requires the plaintiff to prove that the employer acted with a discriminatory intent or motive in taking the adverse employment action. Ricci v. DeStefano, 557 U.S. 557, 578 (2009); Wood v. City of San Diego, 678 F.3d 1075, 1081 (9th Cir. 2012). This requires the plaintiff to prove that the employer acted with a conscious intent to discriminate. Costa v. Desert Palace, Inc., 299 F.3d 838, 854 (9th Cir. 2002).

While Plaintiffs allege that they are Hispanic or Mexican, the first amended complaint is devoid of any facts alleging discrimination based upon their race or national origin. Plaintiffs claim that Defendant Rhoan used racial slurs, made derogatory remarks about Hispanics, and

3

sent text messages that were derogatory as to race national origin and/or gender, but there are no facts alleged to link any adverse employment action taken against them to their race or national origin.  In the first amended complaint alleges a box is checked stating Plaintiffs believe they were discriminated against because of their national origin.  (ECF No. 11 at 9.)  Such a mere conclusory statement is not sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678.  The first amended complaint does not contain factual allegations to allow the Court to reasonably infer that Defendants discriminated against Plaintiffs due to their race or national origin.  Iqbal, 556 U.S. at 678-79.

The first amended complaint also alleges that their working conditions completely changed and "no other employees who declined to complain have had their working conditions undergo similar changes[.]"  (ECF No. 11 at 7.)  However, "individuals are similarly situated when they have similar jobs and display similar conduct."  Vasquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003).  Plaintiffs are not similarly situated to employees who did not complain about Defendant Rhoan's statements.

The first amended complaint does not include any allegations that the alleged adverse employment actions were motivated by national origin or racial animus.  The factual allegations in the first amended complaint do not allow the Court to reasonably infer that Defendants are liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  Plaintiffs have failed to state a plausible claim for discrimination in violation of Title VII.

### B. Retaliation

The anti-retaliation provision of Title VII provides that it is "an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice" under Title VII. 42 U.S.C. § 2000e-3(a). To establish a prima facie case for a claim of retaliation under Title VII, Plaintiff must establish that 1) he engaged in activity to protect his rights under the statute; 2) an adverse employment decision was taken against him; and 3) there was a causal link between the protected activity and

the adverse employment decision. McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1125 (9th Cir. 2004); Villiarimo, 281 F.3d at 1064.

Plaintiffs allege that they protested Defendant Rhoan's use of racial and sexually derogative remarks. Complaining about Defendant Rhoan's racial and sexually derogative remarks would be protected conduct under the statute. E.E.O.C. v. California Psychiatric Transitions, Inc., 644 F.Supp.2d 1249, 1278 (E.D. Cal. 2009). After they complained, Plaintiffs allege they were removed from their long term assignments; were assigned less desirable assignments that were usually given to new or junior employees, were written up in a departure from their previously positive employment reviews, and were ostracized and no longer included in meetings and decision making. Adverse employment action is that which "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern and Santa Fe Fy. Co. v. White (Burlington), 548 U.S. 53, 68 (2006). Plaintiffs' allegations in the first amended complaint are sufficient to state a claim for retaliation in violation of section 2000e-3(a).

**C.  Hostile Work Environment**

To prevail on a harassment claim, a plaintiff must show "(1) that he was subjected to verbal or physical conduct because of his [race]; (2) 'that the conduct was unwelcome'; and (3) 'that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment.' " Kang v. U. Lim Am., Inc., 296 F.3d 810, 817 (9th Cir. 2002) (quoting Gregory v. Widnall, 153 F.3d 1071, 1074 (9th Cir.1998)).

An abusive working environment is an environment that a reasonable person would find hostile or abusive. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). A workplace is an abusive environment when it is "permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment[.]' " Id. (citations omitted). Conduct that is not pervasive enough to create an abusive work environment does not violate Title VII. Id.

Plaintiffs' conclusory allegations that racial and gender derogatory language in the workplace was pervasive and consistent is not sufficient for the Court to infer that Defendant

Rhoan harassed Plaintiffs based upon their race or national origin. Iqbal, 556 U.S. at 678. While Plaintiffs allege that they provided several text messages to Defendant Rhoan's supervisor, the factual allegations in the first amended complaint are insufficient to show that Plaintiffs were subjected to conduct because of their race that was sufficiently severe and pervasive to alter the conditions of their employment.

### D. Liability Under Title VII

The Ninth Circuit has held that Title VII's statutory scheme did not intend to impose individual liability on employees. Miller v. Maxwell's Intern. Inc., 991 F.2d 583, 587 (9th Cir. 1993). Therefore, Plaintiff may not bring an action for damages against Defendant Rhoan.

However, Plaintiffs are also seeking injunctive relief to end the adverse employment action taken against them. Based upon the allegations in the complaint, Defendant Rhoan is still Plaintiffs supervisor and continues to subject them to adverse employment action. Liberally construed, Plaintiffs' first amended complaint states a claim against Defendant Rhoan in his official capacity for injunctive relief.

### E. Leave to Amend

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id.

As Plaintiffs are proceeding pro se in this action, the Court shall provide them with one final opportunity to correct the deficiencies of their claims. Plaintiffs are again advised that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim. Iqbal, 556 U.S. at 678. Plaintiffs' amended complaint must set forth sufficient factual allegations of the conduct alleged for the Court to infer that the defendants engaged in the misconduct alleged. Id. at 678-79. If Plaintiffs choose to proceed only on the claims found to be cognizable in this order, they shall so notify the Court.

## IV.

## CONCLUSION AND ORDER

Plaintiffs' first amended complaint states a cognizable claim against Defendants Fresno Unified School District and Rhoan for retaliation in violation of 42 U.S.C. § 2000e-3(a), however, the first amended complaint does not state any other claims for relief. The Court will provide Plaintiffs with the opportunity to file a second amended complaint curing the deficiencies identified by the Court in this order. Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012).

If Plaintiffs do not wish to file a second amended complaint and are agreeable to proceeding only against Defendants Fresno Unified School District and Rhoan on the retaliation claim, Plaintiffs may so notify the Court in writing. The claims will then be dismissed for failure to state a claim. Plaintiffs will then be provided with two summons and two USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Fresno Unified School District and Rhoan.

If Plaintiffs decide to file a second amended complaint, they are advised that they may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiffs' second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678-79. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012); Valdez-Lopez v. Chertoff, 656 F.3d 851, 857 (9th Cir. 2011), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. .

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File a second amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that they do not wish to file a second amended complaint and are willing to proceed only against Defendants Fresno Unified School District and Rhoan on the retaliation claim; and
2. If Plaintiffs fail to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 9, 2015**

UNITED STATES MAGISTRATE JUDGE