# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD P. SORIANO, et al., <br><br>    Plaintiffs, <br><br>    v. <br><br> FRESNO UNIFIED SCHOOL DISTRICT, et al., <br><br>    Defendants. | Case No.  1:14-cv-02023-KJM-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE TO OBEY A COURT ORDER <br><br> OBJECTIONS DUE WITHIN FOURTEEN DAYS |

On December 19, 2014, Plaintiffs Richard P. Soriano and Frank R. Ortiz filed this action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.  On April 9, 2015, the Court screened Plaintiffs first amended complaint and found that it stated a claim against Defendants Fresno Unified School District and Lyle Rhoan.  Plaintiffs were ordered to either file an amended complaint or notify the Court that they were willing to proceed only on the claims found to be cognizable within thirty days.  More than thirty days have passed and Plaintiffs have not filed an amended complaint or otherwise responded to the Court's order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52,

1  53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
2  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
3  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
4  comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.
5  United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
6  with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
7  of prosecution and failure to comply with local rules).

8  In determining whether to dismiss an action for failure to comply with a pretrial order,
9  the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the
10 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
11 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
12 sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226
13 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in
14 deciding what to do, and are not conditions that must be met in order for a court to take action.
15 Id. (citation omitted).

16 In this instance the public's interest in expeditious resolution of the litigation and the
17 Court's need to manage its docket weigh in favor of dismissal. Id. Plaintiffs were ordered to file
18 an amended complaint or notify the Court that they would proceed only on the claims found to
19 be cognizable within thirty days of April 9, 2015.  Plaintiffs have neither filed an amended
20 complaint nor otherwise responded to the Court's order.  Plaintiffs' failure to comply with the
21 orders of the Court hinders the Court's ability to move this action towards disposition, and
22 indicates that Plaintiffs do not intend to diligently litigate this action.

23 Since it appears that Plaintiffs do not intend to litigate this action diligently there arises a
24 rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447,
25 1452-53 (9th Cir. 1994).  This risk of prejudice may be rebutted if Plaintiffs offer an excuse for
26 the delay. In re Eisen, 31 F.3d at 1453.  The risk of prejudice to the defendants also weighs in
27 favor of dismissal.

28 The public policy in favor of deciding cases on their merits is greatly outweighed by the

factors in favor of dismissal.  It is Plaintiffs' responsibility to move this action forward.  This action can proceed no further without Plaintiffs' cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiffs' failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's April 9, 2015 order expressly stated: "If Plaintiffs fail to comply with this order, this action will be dismissed for failure to obey a court order."  (ECF No. 12 at 8.)  Thus, Plaintiffs had adequate warning that dismissal would result from their noncompliance with the Court's order.

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED for Plaintiffs' failure to obey a court order.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen (14) days of service of this recommendation, Plaintiffs may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 15, 2015**

UNITED STATES MAGISTRATE JUDGE